1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10   TRUCKEE DONNER PUBLIC
     UTILITY DIST.,
11                                                    NO. CIV. S-11-0213 KJM-CKD
                   Plaintiff,
12
            v.                                        STATUS (PRETRIAL SCHEDULING)
13                                                    ORDER
     UNITED STATES OF AMERICA;
14   GREGORY LEE HUNT; LABOR
     COMMISSIONER STATE OF
15   CALIFORNIA; and FIRST NATIONAL
     INSURANCE COMPANY OF AMERICA,
16
                   Defendants.
17   _____/

18          An initial scheduling conference was held in this case on October 19, 2011; Brian Hanley

19   appeared for plaintiff; Richard Schwartz, Ramon Yuen-Garcia, and James Curran appeared for

20   defendants.  Having reviewed the parties' Joint Status Report filed on October 11, 2011, and

21   discussed a schedule for the case with counsel at the hearing, the court makes the following

22   orders:

23   I.      SERVICE OF PROCESS

24          All named defendants have been served and no further service is permitted without leave

25   of court, good cause having been shown.

26   II.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

27          Parties indicated at the status conference that defendant First National Insurance

28   Company of America will be substituted in for plaintiff within thirty (30) days.  No further

1  joinder of parties or amendments to pleadings is permitted without leave of court, good cause

2  having been shown.  *See* FED. R. CIV. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

3  604 (9th Cir. 1992).

4  III.  JURISDICTION/VENUE

5  Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1441, 1442, 1444, and 1446.

6  Jurisdiction and venue are not disputed.

7  IV.  DISCOVERY

8  All discovery shall be completed by **July 27, 2012**.  In this context, "completed" means

9  that all discovery shall have been conducted so that all depositions have been taken and any

10  disputes relative to discovery shall have been resolved by appropriate order if necessary and,

11  where discovery has been ordered, the order has been obeyed.  All motions to compel discovery

12  must be noticed on the magistrate judge's calendar in accordance with the local rules of this

13  court.

14  V.  DISCLOSURE OF EXPERT WITNESSES

15  All counsel are to designate in writing, file with the court, and serve upon all other

16  parties the name, address, and area of expertise of each expert that they propose to tender at trial

17  not later than **September 29, 2012**.  The designation shall be accompanied by a written report

18  prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

19  By **October 19, 2012**, any party who previously disclosed expert witnesses may submit a

20  supplemental list of expert witnesses who will express an opinion on a subject covered by an

21  expert designated by an adverse party, if the party supplementing an expert witness designation

22  has not previously retained an expert to testify on that subject.  The supplemental designation

23  shall be accompanied by a written report which shall also comply with the conditions as stated

24  above.

25  Failure of a party to comply with the disclosure schedule as set forth above in all

26  likelihood will preclude that party from calling the expert witness at the time of trial.  An expert

27  witness not appearing on the designation will not be permitted to testify unless the party offering

28  the witness demonstrates: (a) that the necessity for the witness could not have been reasonably

2

1  anticipated at the time the list was proffered; (b) that the court and opposing counsel were

2  promptly notified upon discovery of the witness; and (c) that the witness was promptly made

3  available for deposition.

4        For purposes of this scheduling order, an "expert" is any person who may be used at trial

5  to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which

6  include both "percipient experts" (persons who, because of their expertise, have rendered expert

7  opinions in the normal course of their work duties or observations pertinent to the issues in the

8  case) and "retained experts" (persons specifically designated by a party to be a testifying expert

9  for the purposes of litigation).  Each party shall identify whether a disclosed expert is percipient,

10 retained, or both.  It will be assumed that a party designating a retained expert has acquired the

11 express permission of the witness to be so listed.  Parties designating percipient experts must

12 state in the designation who is responsible for arranging the deposition of such persons.

13       All experts designated are to be fully prepared at the time of designation to render an

14 informed opinion, and give their bases for their opinion, so that they will be able to give full and

15 complete testimony at any deposition taken by the opposing party.  Experts will not be permitted

16 to testify at the trial as to any information gathered or evaluated, or opinion formed, after

17 deposition taken subsequent to designation.  All expert discovery shall be completed by

18 **November 16, 2012**.

19 VI.   <u>MOTION HEARING SCHEDULE</u>

20       All dispositive motions including any motions for discharge, and not including motions

21 for continuances, temporary restraining orders or other emergency applications, shall be heard <u>no</u>

22 <u>later than</u> **January 30, 2013**.  The parties may obtain available hearing dates by calling Casey

23 Schultz, the Courtroom Deputy, at (916) 930-4193.

24       All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230

25 governs the calendaring and procedures of civil motions with the following additions:

26          (a)   The opposition and reply must be filed by 4:00 p.m. on the day due; and

27 /////

28 /////

3

   (b)  When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.

Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651, 652-53 (9th Cir. 1994).

  The court places a page limit of twenty (20) pages on all moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion.

  The parties are reminded that a motion *in limine* is a pretrial procedural device designed to address the admissibility of evidence.  The court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions *in limine*.

  <u>The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.</u>

VII. <u>FINAL PRETRIAL CONFERENCE</u>

  The Final Pretrial Conference is set for **March 27, 2013**, at 11:00 a.m.  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

  Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  The parties shall confer and  file a joint pretrial conference statement by **March 6, 2013**.  The provisions of Local Rule 281 shall apply with respect to the matters to be included in the joint pretrial statement.  In addition to those subjects listed in Local Rule 281(b), the
/////

4

1  parties are to provide the court with a plain, concise statement that identifies every non-
2  discovery motion tendered to the court and its resolution.

3          Failure to comply with Local Rule 281, as modified by this order, may be grounds for
4  sanctions.

5          Concurrently with the filing of the Joint Final Pretrial Conference Statement, counsel
6  shall submit to chambers the word processing version of the statement, in its entirety (including
7  the witness and exhibit lists) to:  kjmorders@caed.uscourts.gov.

8          The parties shall, in a concise manner, jointly identify only undisputed core facts
9  separately that are relevant to each claim.  Disputed core facts should then be identified in the
10  same manner.  The parties are reminded not to identify every fact in dispute but only those
11  disputed facts that are essential to the formulation of each claim.  Each disputed fact and
12  undisputed fact should be separately numbered or lettered.  Where the parties are unable to agree
13  what are the core disputed facts, they should nevertheless list core disputed facts in the above
14  manner.

15          Each party shall identify and concisely list each disputed evidentiary issue which will be
16  the subject of a party's motion *in limine*.

17          Each party shall identify the points of law which concisely describe the legal issues of the
18  trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect
19  issues derived from the core undisputed and disputed facts.  Parties shall not include argument or
20  authorities with any point of law.

21          The parties shall prepare a joint statement of the case in plain concise language which
22  will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to
23  inform the jury what the case is about.

24          The parties are reminded that pursuant to Local Rule 281 they are required to attach to
25  the Final Pretrial Conference Statement an exhibit listing  witnesses and exhibits they propose to
26  offer at trial.  After the name of each witness, each party shall provide a brief statement of the
27  nature of the testimony to be proffered.  The parties may file a joint list or each party may file
28  separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference

1  Statement itself, but shall be attached as separate documents to be used as addenda to the Final

2  Pretrial Order.

3        Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed

4  alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for

5  plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be

6  marked "AA-ZZ".  However, if the amount of  defendant exhibits exceeds "ZZ" exhibits shall be

7  then listed as A-3, A-4, A-5 etc.  All multi page exhibits shall be stapled or otherwise fastened

8  together and each page within the exhibit shall be numbered. The list of exhibits shall not

9  include excerpts of depositions, which may be used to impeach witnesses.  In the event that

10  plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to

11  by the designation the exhibit is first identified.  The court cautions the parties to pay attention to

12  this detail so that all concerned, including the jury, will not be confused by one exhibit being

13  identified with both a number and a letter.  The parties are encouraged to consult concerning

14  exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and

15  listed numerically, e.g., JX-1, JX-2.

16        The Final Pretrial Order will contain a stringent standard for the offering at trial of

17  witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the

18  standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a

19  party does not intend to offer will be viewed as an abuse of the court's processes.

20        Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy, no later

21  than 3:00 p.m. on the Friday before trial.

22        Discovery documents to be listed in the pretrial statement shall not include documents

23  which will be used only for impeachment and in rebuttal.

24        The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil

25  Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the

26  formulation and simplification of issues and the elimination of frivolous claims or defenses; (b)

27  the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof

28  and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial

1   Conference Statement and participate in good faith at the Final Pretrial Conference with these

2   aims in mind.[1]  A failure to do so may result in the imposition of sanctions which may include

3   monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other

4   sanctions as the court deems appropriate.

5   VIII.   TRIAL SETTING

6          A bench trial is set for **April 29, 2013** at 9:00 a.m.  The parties estimate a trial length of

7   approximately three (3) to four (4) days.  Trial briefs are due by **April 15, 2013**.

8   IX.   SETTLEMENT CONFERENCE

9          No settlement conference is currently scheduled.  A settlement conference may be set at

10  the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event

11  that an earlier settlement conference date or referral to the Voluntary Dispute Resolution

12  Program (VDRP) is requested, the parties shall file said request jointly, in writing.

13  X.   MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

14         The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

15  Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court

16  upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not

17  constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or

18  counsel does not constitute good cause.

19  XI.   OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

20         This Status Order will become final without further order of the court unless objections

21  are filed within fourteen (14) *calendar* days of service of this Order.

22         IT IS SO ORDERED.

23  DATED:  October 31, 2011.

24

25                                                    _____
                                                       UNITED STATES DISTRICT JUDGE
26

27         [1] "If the pretrial conference discloses that no material facts are in dispute and that the
    undisputed facts entitle one of the parties to judgment as a matter of law," the court may
28  summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.*,
    770 F.2d 866, 868-69 (9th Cir. 1985).