1  James D. Curran, Esq.  (SBN 126586)
   Shashauna Szczechowicz, Esq.  (SBN 249102)
2  Wolkin · Curran, LLP
   555 Montgomery Street, Suite 1100
3  San Francisco, California  94111
   Telephone:    (415) 982-9390
4  Facsimile:     (415) 982-4328

5  Attorneys for Defendant
   FIRST NATIONAL INSURANCE COMPANY OF AMERICA
6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                 SACRAMENTO DIVISION

11

12  TRUCKEE DONNER PUBLIC UTILITY          Case No. 2:11-CV-00213-KJM-CKD
    DISTRICT,
13
               Plaintiff,                  **STIPULATION FOR DISCHARGE
14                                          AND ORDER OF PAYMENT OF
          v.                                INTERPLEADER CLAIMS; AND
15                                          ORDER**
    GREGORY LEE HUNT, dba HUNT'S
16  EXCAVATING; UNITED STATES OF
    AMERICA, DEPARTMENT OF THE
17  TREASURY - INTERNAL REVENUE
    SERVICE; LABOR COMMISSIONER OF THE
18  STATE OF CALIFORNIA - DIVISION OF
    LABOR STANDARDS ENFORCEMENT; and
19  FIRST NATIONAL INSURANCE COMPANY
    OF AMERICA,
20
               Defendants.
21

22

23        The foregoing Stipulation is entered by and between the following Parties, by and

24  through their respective counsel:  Plaintiff TRUCKEE DONNER PUBLIC UTILITY

25  DISTRICT ("District"); Defendant UNITED STATES OF AMERICA, DEPARTMENT OF

26  THE TREASURY – INTERNAL REVENUE SERVICE (the "United States"); and Defendant

27  FIRST NATIONAL INSURANCE COMPANY OF AMERICA ("First National"), as surety for

28  Defendant GREGORY LEE HUNT, dba HUNT'S EXCAVATING ("Hunt") and as assignee of

                                    1.

STIPULATION FOR DISCHARGE AND ORDER OF PAYMENT          CASE NO. 2:11-CV-00213-KJM-CKD
OF INTERPLEADER CLAIMS; AND ORDER

the rights and claims of Defendant LABOR COMMISSIONER OF THE STATE OF CALIFORNIA – DIVISION OF LABOR STANDARDS ENFORCEMENT ("DLSE").

## FACTS AND PROCEDURAL HISTORY

In March 2009, the District entered into two separate contracts with Hunt to perform certain work on the project known as the Pipeline Replacement – 2008 – Contract A and Contract B (the "District Contracts").

First National, as surety, issued certain public works performance and payment bonds (the "Bonds") on behalf of Hunt in connection with the District Contracts.

At the completion of the District Contracts, the District withheld **$206,903.83** in remaining contract funds (the "Contract Funds") due to be paid for Hunt's performance of the District Contracts.

The District alleges that it withheld the Contract Funds because it received multiple and conflicting demands from the United States, the DLSE and First National concerning the Contract Funds, and on that basis filed an interpleader complaint in the Superior Court of the State of California, in and for the County of Nevada (the "Interpleader Complaint").

On January 21, 2011, the Interpleader Complaint was removed from the California state court to this Court by the United States pursuant to 28 U.S.C. 1442(a)(1).  (Document 1, Court's Docket.)

On February 4, 2011, the DLSE filed an answer to the Interpleader Complaint in this action and asserted its rights to the Contract Funds on the grounds that the DLSE issued and served upon Hunt and the District a Civil Wage and Penalty Assessment ("the Assessment") for Hunt's violations of the California prevailing wage law, specifically California Labor Code section 1720, et seq.  The Assessment was based on Hunt's failure to pay prevailing wages on the District Contracts.  (Document 7, Court's Docket, ¶¶ 4-16.)

On February 18, 2011, the United States filed an answer to the Interpleader Complaint in this action and asserted its rights to the Contract Funds on the grounds that a duly authorized delegate of the Secretary of Treasury made assessments against Action Construction Co., d/b/a Hunt's Excavation, for unpaid outstanding employment taxes (Form 941) for the tax period

2.

1  ending September 30, 2009 and for unpaid outstanding unemployment taxes (Form 940) for the

2  tax period ending December 31, 2009.  The United States filed Notices of Federal Tax Liens

3  with respect to these assessments as early as December 30, 2009.  (Document 8, Court's Docket,

4  ¶¶ 15-19.)

5       On March 30, 2011, the District filed a First Amended Complaint in Interpleader

6  (hereafter, "Amended Interpleader Complaint"), naming First National as an additional

7  defendant.  (Document 14, Court's Docket.)  The District subsequently deposited the Contract

8  Funds with the Registry of the Court.

9       On April 2, 2011, the United States filed an answer to the Amended Interpleader

10  Complaint in this action and asserted its rights to the Contract Funds on the same grounds as

11  asserted in its initial answer.  (Document 17, Court's Docket, ¶¶ 27-32.)

12       On June 13, 2011, First National filed an answer to the Amended Interpleader Complaint

13  in this action and asserted its rights to the Contract Funds on the grounds that Hunt executed a

14  General Agreement of Indemnity for Contractors in favor of First National as partial

15  consideration for First National issuing surety bonds on behalf of Hunt.  First National alleged

16  that it filed a UCC-1 Financing Statement, thereby perfecting its security interest in the Contract

17  Funds.  Further, First National  asserted that it was subrogated to the claims by Hunt's laborers,

18  subcontractors and materialmen paid by First National under its Bonds and was entitled to a

19  superior equitable lien against the Contract Funds pursuant to *Pearlman v. Reliance Insurance*

20  *Co.*, 371 U.S. 132, 141 (1962).  (Document 22, Court's Docket, ¶¶ 34-36, 42-46.)

21       On June 6, 2011, Hunt filed a Voluntary Petition under Chapter 7 of the United States

22  Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California,

23  Case No. 11-34096 (the "Bankruptcy Action").  Hunt received a general discharge under section

24  727 of Title 11, United States Code on November 15, 2011.  Neither Hunt nor the Chapter 7

25  Trustee appointed in the Bankruptcy Action appeared or filed an answer in this action, and

26  therefore, Hunt and the Chapter 7 Trustee have waived all rights or claims they have against the

27  District with respect to the Contract Funds.

28  *///*

STIPULATION FOR DISCHARGE AND ORDER OF PAYMENT     CASE NO. 2:11-CV-00213-KJM-CKD
OF INTERPLEADER CLAIMS; AND ORDER

First National represents that it has all right, title and interest of Hunt in the Contract Funds, including all claims that Hunt has to the Contract Funds in this action, under its General Agreement of Indemnity and other agreements with Hunt and by virtue of First National's equitable lien rights.

On December 1, 2011, First National received an assignment of all of the DLSE's claims, rights, title and interests to the Contract Funds in this action.  A true and correct copy of the Assignment of the Claims is attached hereto as **Exhibit 1**.  Further, on August 19, 2010, the DLSE obtained a judgment against Hunt on the Assessment in the amount of $293,399.90 (the "DLSE Judgment").  First National also received an assignment of the DLSE Judgment.  A true and correct copy of the Assignment of DLSE's Judgment is attached hereto as **Exhibit 2**.

By virtue of these assignments, First National represents that the DLSE transferred to First National all of the DLSE's claims, rights, title and interests to the Contract Funds, including all claims that the DLSE has against the District for the Contract Funds in this case.

The District incurred more than $14,000 in costs and attorney's fees as a result of these proceedings, which expenditure of funds benefitted all Parties by filing this action and bringing all Parties before the Court to resolve their competing claims to the Contract Funds, and for which it seeks partial reimbursement from the Contract Funds interpleaded in this action as an innocent stakeholder as authorized by federal law.

First National (as surety for Hunt and as assignee of the rights and claims of the DLSE in this action) and the United States both assert they have superior rights to the Contract Funds vis-à-vis each other.

The Parties agree that it is in the best interests of all Parties and judicial economy to settle the issues regarding priority rights to the Contract Funds and stipulate to the proposed distribution as set forth herein.

The Parties now desire to resolve all claims, demands and causes of action they may have against each other, arising out of or relating to the Amended Interpleader Complaint without incurring the additional costs and disruption of litigation.

///

4.

## **STIPULATION**

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the District, the United States, and First National (as surety of Hunt and as assignee of the DLSE), by and through their respective attorneys of record, as follows:

1. The foregoing Facts and Procedural History set forth above is hereby incorporated by this reference as though fully set forth herein.

2. The District interpleaded the Contract Funds totaling $206,903.83, which constitute all contract funds owing by the District to Hunt.  The District is an innocent stakeholder and benefitted all Parties by filing this interpleader to allow all Parties to resolve their competing claims to the Contract Funds.  The District is, therefore, entitled to disbursement of the monies set forth in Paragraph 3 below in partial reimbursement of the District's attorney's fees as authorized by federal law.

3. The Parties agree and stipulate to a proposed distribution of the Contract Funds as follows:

    a.   The District shall receive NINE THOUSAND DOLLARS ($9,000) from the Contract Funds interpleaded;

    b.   The United States shall receive FIFTEEN THOUSAND DOLLARS ($15,000) from the Contract Funds interpleaded; and

    c.   First National shall receive the remaining amount of the Contract Funds interpleaded, plus any and all accrued interest.

4. The Parties stipulate and agree that upon entry of the Order by the Court approving this Stipulation, no person or entity, including, without limitation, First National (as surety of Hunt and as assignee of the DLSE), the United States, Hunt (or anyone claiming through Hunt), or the DLSE, shall be permitted to institute or further prosecute any other proceedings against the District in any court affecting the rights and obligations to the Amended Interpleader Complaint, this action, or the Contract Funds, all such claims being hereinafter forever released and discharged.

///

5.      The Parties stipulate and agree that upon entry of the Order by the Court approving this Stipulation, District shall be completely discharged of any further liability to any claims, lawsuits, liabilities, demands or obligations respecting the Amended Interpleader Complaint, this action, or the Contract Funds.

6.      The Parties stipulate and agree that upon entry of the Order by the Court approving this Stipulation, this action shall be dismissed, with prejudice, each party to bear their own costs and expenses, including attorney's fees.

**IT IS SO STIPULATED.**

Dated: August 31, 2012                    PORTER SIMON

                              By:    */s/ Brian C. Hanley (as authorized on 8/31/12)*
                                     _____
                                     Brian C. Hanley
                                     Attorneys for Plaintiff
                                     TRUCKEE DONNER PUBLIC UTILITY
                                     DISTRICT

Dated: August 31, 2012                    KATHRYN KENEALLY
                                          Assistant Attorney General

                              By:    */s/ Richard A. Schwartz (as authorized on 8/31/12)*
                                     _____
                                     Richard A. Schwartz
                                     Trial Attorney, Tax Division
                                     U.S. Department of Justice
                                     Attorneys for Defendant
                                     UNITED STATES OF AMERICA

                                     BENJAMIN B. WAGNER
                                     United States Attorney
                                     *Of counsel*

Dated: August 31, 2012                    WOLKIN • CURRAN, LLP

                              By:    */s/ James D. Curran*
                                     _____
                                     James D. Curran
                                     Attorneys for Defendant
                                     FIRST NATIONAL INSURANCE COMPANY
                                     OF AMERICA, as Surety and Assignee of the
                                     rights and claims of the Labor Commissioner of the
                                     State of California – Division of Labor Standards
                                     Enforcement

STIPULATION FOR DISCHARGE AND ORDER OF PAYMENT          CASE NO. 2:11-CV-00213-KJM-CKD
OF INTERPLEADER CLAIMS; AND ORDER

## **ORDER**

The Court, having reviewed and considered the Stipulation For Discharge and Order of Payment of Interpleader Claims (the "Stipulation") entered by and between the following Parties, by and through their respective counsel:  Plaintiff TRUCKEE DONNER PUBLIC UTILITY DISTRICT ("District"); Defendant UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE (the "United States"); and Defendant FIRST NATIONAL INSURANCE COMPANY OF AMERICA ("First National"), as surety for Defendant GREGORY LEE HUNT, dba HUNT'S EXCAVATING ("Hunt") and as assignee of the rights and claims of Defendant LABOR COMMISSIONER OF THE STATE OF CALIFORNIA – DIVISION OF LABOR STANDARDS ENFORCEMENT ("DLSE"), and for good cause appearing, **HEREBY ORDERS**:

1.      The Stipulation is approved and incorporated by reference herein.

2.      The funds interpleaded by the District into the Registry of the Court, in the amount of $206,903.83 shall be paid by the Clerk of the Court to the Parties as follows:

        a.      The sum of NINE THOUSAND DOLLARS ($9,000) shall be paid to TRUCKEE DONNER PUBLIC UTILITY DISTRICT;

        b.      The sum of FIFTEEN THOUSAND DOLLARS ($15,000) shall be paid to UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE; and

        c.      The remaining funds shall be paid to FIRST NATIONAL INSURANCE COMPANY OF AMERICA, plus any and all accrued interest.

3.      No person or entity, including, without limitation, First National (as surety of Hunt and as assignee of the DLSE), the United States, Hunt (or anyone claiming through Hunt), or the DLSE, shall be permitted to institute or further prosecute any other proceedings against the District in any court affecting the rights and obligations to the Amended Interpleader Complaint, this action, or the Contract Funds, all such claims being hereinafter forever released and discharged.

///

STIPULATION FOR DISCHARGE AND ORDER OF PAYMENT     CASE NO. 2:11-CV-00213-KJM-CKD
OF INTERPLEADER CLAIMS; AND ORDER

1    4.      The District shall be completely discharged of any further liability as to any

2   claims, lawsuits, liabilities, demands or obligations by any parties in this litigation, including,

3   without limitation, First National (as surety of Hunt and assignee of the DLSE), the United

4   States, Hunt (or anyone claiming through Hunt), or the DLSE, relating to or arising from the

5   Amended Interpleader Complaint, this action, or the funds interpleaded in this action.

6    5.      The District's Amended Interpleader Complaint (Document 14, Court's Docket)

7   filed in this action shall be dismissed, with prejudice, each party to bear their own costs and

8   expenses, including attorney's fees.

9    **IT IS SO ORDERED.**

10   Date:  September 11, 2012.

11

12   _____
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR DISCHARGE AND ORDER OF PAYMENT          CASE NO. 2:11-CV-00213-KJM-CKD
OF INTERPLEADER CLAIMS; AND ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

# EXHIBIT 1

*Assignment of Claims*

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

*Assignment of Judgment*